UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES TWAIN CLEMANS, JR.,**<br>                    Petitioner,<br>v.<br>**JAMES A. YATES, Warden,**<br>                    Respondent. | CASE NO. 08cv1851 H (PCL)<br><br>**REPORT &<br>RECOMMENDATION<br>GRANTING RESPONDENT'S<br>MOTION TO DISMISS** |

## I.

## INTRODUCTION

Petitioner, Charles Twain Clemans, Jr. ("Petitioner"), filed this pro se habeas corpus action pursuant to 28 U.S.C. § 2254 on October 8, 2008. The petition alleges a single claim challenging the constitutionality of his sentence. Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). After careful consideration of the moving papers, exhibits, and lodgments, and for the reasons outlined below, the Court recommends Respondent's motion to dismiss be GRANTED.

/ /

/ /

## II.

## BACKGROUND

On February 20, 1996, Petitioner pled guilty to four counts of attempted unpremeditated murder while personally using a firearm and one count of shooting at an inhabited housecar. (Lodgment 1 at 10; Doc. No. 1 Pet. at 2.) Due to firearm and injury enhancements, Petitioner was sentenced to twenty-eight years in prison. (Lodgment 1 CT 172, 187; Doc. No. 1 Pet. at 1.) Petitioner states he did not appeal his conviction (Pet. at 2), however, the record shows the courts consolidated Petitioner's Writ of Habeas Corpus with his appeal by Order dated August 7, 1997, and the California Court of Appeal denied his first petition/appeal on January 5, 1998. (Lodgment 5.)

On August 21, 2007, Petitioner filed a habeas petition in the Superior Court for the County of San Diego, which was denied on October 9, 2007, determining that on the basis of existing precedent, Petitioner's claim lacked merit. (Lodgment 6, 7.) On November 6, 2007, Petitioner filed a habeas petition in the state appellate court, which was denied on February 29, 2008, in a reasoned opinion. (Lodgment 8, 9.) On April 17, 2008, he filed a habeas petition in the California Supreme Court, which was summarily denied on September 10, 2008. (Lodgment 10, 11.)

On November 10, 2008, Petitioner filed a First Amended Petition in this Court.[1] (Doc. No. 5.) The Court directed Respondent to file an answer to the petition or, in the alternative, a dispositive motion. (Doc. No. 6.) On December 19, 2008, Respondent filed a motion to dismiss the petition as untimely pursuant to § 2244(d), contending that Petitioner filed his federal petition after the one-year statute of limitations as set forth under § 2244(d)(1). (Doc. No. 9 P.&A. at 3.) Petition filed an Opposition to the Motion to Dismiss on January 14, 2009.

## III.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking habeas relief from a federal court must comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of four possible

---

[1] Petitioner's original Petition for Writ of Habeas Corpus was filed on October 8, 2008. However, by Order dated October 30, 2008 (Doc. No. 2) the Court dismissed the Petition for failure to satisfy the filing fee requirement and failure to sign the Petition.

dates outlined in sections 2244(d)(1)(A) through (D). As amended by section 101 of AEDPA, 28 U.S.C. § 2244 now provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d) (LEXIS 2008).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The one-year period may start running from the expiration of the time for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state superior court, state appellate court or the state supreme court, but did not, the limitations period will begin running against him the day after the date on which the time to seek such review expired. See Cal. R. Ct. 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment).

**A.   Commencement of the One-Year Statute of Limitations**

Petitioner states he did not appeal his conviction after he was sentenced on February 20, 1996. (Doc. No. 5 FAP at 3.) Therefore, the one-year limitations period would seemingly have begun to run against Petitioner on April 21, 1996, sixty days after the imposition of his sentence and the date on which the time to file a notice of appeal expired. See Cal. R. Ct. 8.308(a).

However, the record shows Petitioner filed a direct appeal and habeas petition which the state courts consolidated. (See Lodgment 2.) As such, the one-year period would have begun to run one year after his process of direct review came to an end. See 28 U.S.C. § 2244(d)(1)(A). This consolidated

appeal was denied by the Court of Appeal on January 5, 1998. (Lodgment 5.) Because Petitioner did not seek further review, Petitioner's conviction became final for the purposes of federal review sixty days later when the time period expired for him to seek review of the appellate decision in the California Supreme Court.[2] Cal. R. Ct. 8.308(a) ("A notice of appeal and any statement required ... must be filed within 60 days after the rendition of the judgment or the making of the order being appealed.") Consequently, Petitioner had until March 5, 1999 to file his federal habeas petition. The instant petition was filed on October 8, 2008[3], over nine years after the limitations period had expired. Therefore, the instant petition is untimely absent tolling.

**B.  Statutory Tolling**

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)) (abrogated on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005)). In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing

---

[2] The California Rules of Court dictate a shorter time frame for filing appeals in habeas cases. See Cal. R. Ct. 8.387(b)(1) ("A Court of Appeal decision in a habeas corpus proceeding is final in that court 30 days after filing.") However, because Petitioner's direct appeal was consolidated with his collateral review, the Court accepts the later date of finality which pertains to criminal appeals.

[3] The record shows Petitioner began challenging conditions of confinement and credit-earning status in various habeas petitions beginning in 2005. Petitioner also filed a federal habeas petition in this Court setting forth these claims in Case No. 07cv1162. However, as those claims are unrelated to the claims Petitioner sets forth in the instant matter, that series of Petitions in state court does not affect the statute of limitations for Petitioner's claims here.

of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.[4]

Petitioner filed his state habeas petition in the San Diego County Superior Court on August 21, 2007. However, he is not entitled to tolling under Section 2244(d)(2) because the limitations period had already run on March 5, 1999.  A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed, even if the state petition was timely filed.)  Section 2244(d)(2) cannot "revive" the limitations period once it has run; it can only serve to pause a clock that has not yet fully run. See Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has expired, collateral petitions can no longer serve to avoid the statute of limitations). Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal habeas petition.

## C.   Equitable Tolling

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Beeler, 128 F.3d at 1288. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). However, equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

---

[4] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the appellate court. Id. If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. Id. at 1006 n.3.

Nothing currently in the record suggests the possibility of equitably tolling any portion of the nine-year delay Petitioner took to file his federal habeas petition. Petitioner alleges "disability of mental impairment" as good cause to allow statutory tolling in this instance. (Doc. No. 11 Opp. at 3.) In some instances, mental incompetency may equitably toll the statute of limitations because it is an extraordinary circumstance beyond a prisoner's control. See Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(en banc). However, Petitioner must show that the mental illness in fact prevented him from managing his affairs and understanding his legal rights and acting upon them. See Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005) (physical and mental disabilities did not provide for equitable tolling because they did not prevent the prisoner from meeting other filing deadlines). In the Ninth Circuit it is also well-settled that mental and physical disabilities alone do not warrant equitable tolling where other evidence shows the petitioner could still have filed a timely petition. See Gaston, 417 F.3d at 1034-35 (petitioner was not entitled to equitable tolling based upon physical and mental disabilities since he prepared and filed a state habeas petition while suffering from the alleged disabilities). Petitioner must show his alleged mental disorders kept him from filing a timely Petition. See Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001) ("at the very least, the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness").

The exhibits attached to the Petition and relevant state court records clearly establish that, since his conviction in 1996 Petitioner has been able to file, in this action alone, at least two state petitions for direct review, five state habeas petitions and a federal habeas petition during the time he allegedly suffered from his purported mental disorders. (Doc. No. 5 FAP at 4-5; Lodgments 2-11.) His history of multiple filings in this Court and the state courts also establishes that his alleged mental disorders did not prevent him from filing a timely Petition.

Moreover, Petitioner alleges no "extraordinary circumstance" that impeded the timely filing of his federal petition. See Beeler, 128 F.3d at 1289. Unfortunately for Petitioner, it was his delay in pursuing his state court remedies, rather than any extraordinary circumstances, that led him to exceed the limitations period. The Court concludes Petitioner has failed to show his alleged mental disabilities amounted to extraordinary circumstances beyond his control, making it impossible to file a petition on

time. <u>Brambles v. Duncan</u>, 412 F.3d 1066, 1069 (9th Cir. 2005). Accordingly, Petitioner is not entitled to equitable tolling; therefore, his federal habeas petition is untimely.

### IV.
### CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Marilyn L. Huff under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:  (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **GRANTING** Defendants' Motion to Dismiss Petition for Writ of Habeas Corpus.

**IT IS ORDERED** that no later than **March 10, 2009** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 24, 2009**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATE: February 17, 2009

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Marilyn L. Huff
All Counsel of Record