# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TWAIN CLEMANS, JR., | CASE NO. 08cv1851-H (PCL) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| vs. | |
| JAMES A. YATES, Warden, | |
| Respondent. | |

On October 1, 2008[1], Charles Twain Clemans, Jr. ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for writ of habeas corpus in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner raised several claims challenging his sentence under the Fifth, Sixth, and Fourteenth Amendments to the Federal Constitution. (See Doc. No. 1 at 6.) On October 30, 2008, the Court dismissed the Petition without prejudice for failing to pay the filing fee, or for failing to show that Petitioner was unable to pay the filing fee. (Doc. No. 2.) On November 3, 2008, Petitioner paid his filing fee, and on November 21, 2008 the case was reopened by the Court. (Doc. No. 6.)

///

---

[1] A pro se prisoner's state and federal habeas corpus petitions are deemed filed when the prisoner delivers the petition to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). The Court will view the dates that Petitioner filed his petition for mailing as the dates each petition was signed by Petitioner, unless otherwise noted.

On December 19, 2008, James A. Yates ("Respondent"), Warden of Pleasant Valley State Prison, filed a Motion to Dismiss and Memorandum of Points and Authorities contending that the statute of limitations had passed. (Doc. No. 9.) On January 2, 2009, Petitioner filed his Opposition to Respondent's Motion to Dismiss. (Doc. No. 11.) On February 17, 2009, the Magistrate Judge filed a Report and Recommendation, recommending that this Court grant Respondent's Motion to Dismiss and deny Petitioner's Petition for writ of habeas corpus. (Doc. No. 13.) On March 19, 2009, Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation. (Doc. No. 16.)

For the reasons below, the Court ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Respondent's Motion to Dismiss, and DENIES Petitioner's Petition for writ of habeas corpus.

## **Background**

**A.   Procedural History.**

On February 20, 1996, Petitioner pled guilty to four counts of attempted premeditated murder while using a firearm (Cal. Penal Code §§ 187, 664), and one count of shooting at a housecar (Cal. Penal Code § 246). (Lodgment 1 at 10; Doc. No. 1 at 2.) Petitioner also admitted that he personally used a firearm during each crime, and that he personally inflicted great bodily harm against the attempted murder victims (Cal. Penal Code §§ 12022.5, 12022.7). (Lodgment 1 at 7-8.) Petitioner received a 28-year sentence, which included both firearm and injury enhancements. (Lodgment 1 at 187.)

Petitioner appealed his conviction and filed a petition for writ of habeas corpus with the California Court of Appeal. On August 7, 1997, the Court of Appeal consolidated the appeal and habeas petition. (Lodgment 2.) On October 27, 1997, the Court of Appeal dismissed without prejudice Petitioner's petition for habeas relief, noting that the matter should first be addressed in the California Superior Court. (Lodgment 3.) Petitioner filed his petition for writ of habeas corpus in the Superior Court, which was denied on December 5, 1997. (Lodgment 4.) The Court of Appeals denied Petitioner's appeal of conviction on January 5, 1998. (Lodgment 5.)

On August 16, 2007, Petitioner filed a second petition for writ of habeas corpus with the California Superior Court arguing that his consecutive middle-term sentences violated <u>Cunningham v. California</u>, 549 U.S. 270 (2007). (Lodgment 6.) The Superior Court denied the petition on October 9, 2007, rejecting Petitioner's claims on the grounds that <u>Cunningham</u> did not retroactively apply to Petitioner, and that his consecutive-sentence challenge lacked merit. (Lodgment 7.) On November 6, 2007, Petitioner filed a petition for habeas relief in the California Court of Appeal (Lodgment 8), which was denied on February 29, 2008 on the grounds that <u>Cunningham</u> applied to upper-term sentencing but not to consecutive sentencing. (Lodgment 9.) On April 9, 2008, Petitioner filed his petition for habeas relief in the California Supreme Court (Lodgment 10), which was denied on September 10, 2008. (Lodgment 11.)[2]

Petitioner then filed the present Petition for writ of habeas corpus with this Court on October 1, 2008 (Doc. No. 1), which was later amended on November 10, 2008 (Doc. No. 5). After dismissing the petition without prejudice for failing to pay the filing fee (Doc. No. 3), the Court reopened the case once the fee was paid. (Doc. No. 6.)

## **Discussion**

**A.    Federal Habeas Corpus Statute of Limitations.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations period applicable to a petition for writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The statute of limitations begins from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by

---

[2] The record contains two lodgments entitled "Lodgment 10." The Court considers the petition submitted to the California Supreme Court as Lodgment 10, and the record indicating the date of denial of that petition as Lodgment 11.

>
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Title 28 U.S.C. § 2244(d)(1)(A) is applicable in this case. The California Court of Appeals denied Petitioner's conviction appeal on January 5, 1998. (Lodgment 5.) Under California appellate procedure, Petitioner had 60 days to file an appeal of the Court of Appeal's decision with the California Supreme Court. Cal. R. Ct. 8.308(a). Petitioner did not file an appeal of his conviction with the California Supreme Court; accordingly, his conviction became final, and hence his opportunity for direct review was exhausted, on March 5, 1998. See also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that 28 U.S.C. § 2254(c) only requires that a federal habeas petitioner exhaust his state remedies by completing one round of the state appellate review process).

The United States Supreme Court in Jimenez v. Quarterman, 129 S. Ct. 681 (2009), observed that if a state court reopened direct review before a petitioner sought federal habeas relief, even after the state statute of limitations for such direct review had expired, a petitioner's conviction and sentence would become non-final because the petitioner may seek further review in state courts. 129 S. Ct. at 686, note 4. However, the mere possibility that a state court might reopen direct review of a case does not render convictions and sentences that are no longer subject to direct review non-final. Beard v. Banks, 542 U.S. 406, 412 (2004). In the present case, Petitioner's conviction and sentence have become final on direct review because Petitioner did not pursue further direct review in the California Supreme Court. Unless California state courts reopen direct review of Petitioner's case, the Petition for habeas relief filed in this Court is time-barred under 28 U.S.C. § 2244(d)(2) because Petitioner's federal habeas petition was due on March 4, 1999, and Petitioner did not file his federal habeas petition until October 1, 2008, over nine years later. (Doc. No. 1.)

///

**B.    Statutory Tolling under AEDPA.**

AEDPA provides that the one-year statute of limitations is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for habeas relief is pending during the intervals between a lower court's decision on the application and the filing of a new application in a higher court (i.e. "gap tolling"). <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002). There was no state collateral review in this case for which the statute of limitations could be tolled. As noted above, Petitioner's conviction became final on March 5, 1998. Petitioner did not seek state habeas review until August 16, 2007. Accordingly, there was no state collateral review that could toll the federal one-year statute of limitations under 28 U.S.C. § 2244(d)(2) once Petitioner's conviction became final on direct review.

Petitioner contends, however, that under Cal. Civ. Proc. Code §§ 352 and 352.1 the California statute of limitations was tolled in seeking direct review because he suffered two disabilities: (1) mental impairment; and (2) imprisonment. (Doc. No. 16 at 3.) Petitioner asserts that under Cal. Civ. Proc. Code § 358, these two disabilities in combination allow for complete tolling until the disabilities are removed. (Doc. No. 16 at 3.) Petitioner's reliance on Cal. Civ. Proc. Code § 352 is misplaced, however, because the statute applies to a plaintiff who has a disability at the time a cause of action accrues, not to subsequent appeals of an action already commenced against a defendant. Petitioner is not seeking to commence an action while operating under a disability; instead, Petitioner is seeking a collateral attack of a judgment that has already been rendered against him.

Petitioner also contends that because the state courts did not invoke the doctrine of laches to bar his state habeas relief, AEDPA's statute of limitations should begin to run on September 10, 2008, when the California Supreme Court denied his petition for habeas relief. (Doc. No. 11 at 4-5.) Petitioner's reliance on laches is also misplaced. The crucial aspect for federal habeas review is determining when the statute of limitations begins, and 28 U.S.C. § 2244(d)(1)(A) clearly states that the statute begins to run when a petitioner's state direct review

has been exhausted. Petitioner's laches argument, however, applies to whether California courts bar his collateral review as untimely – i.e. his state petitions for habeas relief. California courts may accept successive habeas petitions and determine that they are timely under California law, but for the purposes of federal habeas review, a federal petition must be filed within one year of the completion of a state's direct review. 28 U.S.C. § 2244(d)(1)(A). The only time a state's collateral review is pertinent under federal habeas procedure is when state collateral review is pending during the one-year statute of limitations, in which case the statute of limitations for federal review is tolled. 28 U.S.C. § 2244(d)(2). In the present case, state collateral review was not sought until nine years after the completion of state direct review, and therefore Petitioner's federal Petition is barred under 28 U.S.C. § 2244(d)(1)(A).

Therefore, Petitioner's federal Petition is untimely because Petitioner's state direct review concluded on March 5, 1998, and there was no state collateral review to toll AEDPA's statute of limitations during the following year.

## C.  Equitable Tolling.

Petitioner asserts that his mental inabilities qualify for equitable tolling because he has been mentally impaired throughout his incarceration, and has been receiving medication and psychiatric therapy for his mental condition. (Doc. No. 16 at 5.) Equitable tolling may be appropriate when external forces beyond a petitioner's control account for the failure to timely file a claim. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is generally granted only in rare cases based on extraordinary circumstances. See Spitsyn v. Moore, 345 F.3d 769, 799 (9th Cir. 2003). Petitioner has the burden of proving equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Moreover, Petitioner needs to demonstrate that his alleged mental disabilities prevented him from timely filing his Petition. See Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

In the present case, Petitioner has not demonstrated that his mental disabilities prevented him from timely filing his federal habeas petition. The Petition, attached exhibits, and state records all demonstrate that Petitioner has been able to diligently pursue his legal rights. Petitioner has filed two petitions for state direct review, five state petitions for writ of habeas

corpus, and a federal petition for writ of habeas corpus. (Doc. No. 5 at 4-5; Lodgments 2-11.) Multiple filings in state and federal court show that despite Petitioner's alleged mental disorder, Petitioner has been able to timely file other petitions and court documents.

Petitioner took nine years to file this Petition, and Petitioner has not shown that he has been diligently pursuing his legal rights in state or federal court during that time. Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005) noted that the petitioner in that case was not entitled to equitable tolling based upon mental disabilities because he was able to properly prepare and file state habeas petitions while suffering from the alleged disabilities. Because this Petition is well overdue, and because Petitioner has demonstrated that he has timely filed other petitions in the past while suffering from his mental disorder, equitable tolling in inappropriate.

**Conclusion**

For the reasons stated above, the Court ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Respondent's Motion to Dismiss, and DENIES Petitioner's Petition for writ of habeas corpus.

IT IS SO ORDERED.

DATED: June 4, 2009

_____
**MARILYN L. HUFF, District Judge**
**UNITED STATES DISTRICT COURT**

COPIES TO:

All parties of record.